Merrimack
No. 78-215

## WILLIAM FANNY,

### BY HIS FATHER AND NEXT FRIEND,

### RICHARD FANNY

v.

### PIKE INDUSTRIES, INC.

February 28, 1979

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* orally), for the defendant.

### MEMORANDUM OPINION

This is an appeal from the granting of defendant's motion for nonsuit. Plaintiff's exception was transferred by *DiClerico*, J.

On June 13, 1974, the plaintiff, then fourteen, was operating a mini-bike, an off-highway recreational vehicle (OHRV), on State land. The defendant was constructing alterations to a highway interchange and the plaintiff alleged that the defendant negligently failed to warn and erect appropriate barriers which would have prevented the plaintiff from driving into a culvert and injuring himself. At trial the defendant moved for a nonsuit at the end of plaintiff's opening statement. The motion was granted after the trial court determined that there was no duty owed by the defendant to the plaintiff.

Subject to certain exceptions, RSA 212:34 I provides that a lessee or occupant of premises "owes no duty of care to keep such premises safe for . . . OHRVs as defined in RSA 269-C . . . ." Plaintiff's opening statement did not bring him within any of the exceptions. *See, e.g.,* RSA 212:34 III. Furthermore, RSA 269-C:6 II provides that no one shall operate an OHRV "upon any portion of the right-of-way of any public way." We find no error.

*Exception overruled.*